IN THE CIRCUIT COURT OF THE
9th JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.: _____

NATALIA NUNEZ,

    Plaintiff,

vs.

TERMINAL GETAWAY SPA ORLANDO JV LLC
a Foreign Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

Plaintiff, NATALIA NUNEZ ("Plaintiff"), by and through the undersigned counsel, and hereby files this Complaint against Defendant, TERMINAL GETAWAY SPA ORLANDO JV LLC, ("Defendant") and in support states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff was and continues to be, a resident of Seminole County, Florida; and was an employee of Defendant, performing duties as qualified for the Defendant, within a company operated business facility, located in Orange County, Florida.

3. Defendant is a Foreign Limited Liability Company, duly authorized to conduct business in the State of Florida and Orange County, Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, (hereinafter referred to as "FCRA") since it employs fifteen or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. Venue is proper in Orange County, Florida, pursuant to Fla. Stat. Section 47.011, because all of the actions complained of herein occurred within the jurisdiction of the Ninth Judicial Circuit, In and for Orange County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

9. Plaintiff is a female.

10. Plaintiff began working for Defendant on or about July 2017 as a massage therapist and front desk representative

11. Plaintiff's manager was Victor Castaneda (male) and the owner of the establishment was Marcos Inglesa (male).

12. Victor Castaneda would harass Plaintiff at work make comments such as "that's how woman should be treated" whenever he would harass Plaintiff.

13. On or about January 2020, Victor Castaneda almost physically assaulted Plaintiff on the job, because Plaintiff was trying to call the police. Victor grabbed Plaintiff's phone and did not give it back.

14. Plaintiff has complained to Marcos Inglesa and to Human Resources, who said they would investigate, but nothing changed.

15. Male coworkers of Plaintiff do not get treated this way. The male co-workers do not get their tips taken from them, like the female coworkers do.

16. Any reasons to terminate Plaintiff were pretext for unlawful discrimination.

## COUNT I - SEX DISCRIMINATION IN VIOLATION OF THE FCRA

17. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18. Plaintiff is a member of a protected class under the FCRA.

19. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex and subjected the Plaintiff to sex-based animosity.

20. Such discrimination was based upon the Plaintiff's sex in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a woman.

21. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex was unlawful but acted in reckless disregard of the law.

22. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

23. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

24. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

25. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

26. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

27. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by

      Defendant, or in lieu of reinstatement, award front pay;

  E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

  F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II – RETALIATION IN VIOLATION OF FCRA

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

29. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

30. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

33. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated this 7th day of September, 2021

Respectfully submitted,

 /s/ Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
rregueiro@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (561) 225-1970
Facsimile: (305) 416-5005